# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

RECEIVED
BY MAIL
AUG 18 2005
CLERK, US DIST. COURT
ST. PAUL, MN

No. 03-3108

CR 02-285 ADM/RLE

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Gerald Phillip May, Jr., | * | |
| | * | |
| Defendant - Appellant. | * | |

Submitted: October 22, 2004
Filed: July 13, 2005

Before MORRIS SHEPPARD ARNOLD, JOHN R. GIBSON, and SMITH, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Gerald Phillip May, Jr., pleaded guilty to assault with intent to commit murder, in violation of 18 U.S.C. §§ 113(a)(1), 1151, and 1153(a). May was sentenced to ninety-seven months' imprisonment. He appeals his sentence and argues that the district court[1] erred in: (1) granting an upward departure, (2) ordering restitution in an amount not supported by the evidence, and (3) sentencing him in violation of his Sixth Amendment rights. We affirm.

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

SCANNED
AUG 18 2005
U.S. DISTRICT COURT ST. PAUL

May did not object to the following facts from the presentence report. On the morning of August 28, 2002, Colleen Johns awoke to find May, her husband, assaulting her. May slapped, punched, kicked, and choked her. He bit her all over her body, threatened to kill her, and burned her chest with a cigarette. The assault lasted approximately four hours. Eventually, Johns was able to reach a phone and call 911 for help. Johns was taken to Red Lake Indian Health Service Hospital, transferred to another hospital because of the seriousness of her injuries, and later airlifted to the Fargo Merit Care Hospital. She suffered a subdural bleed in two regions of her brain, a seizure, cuts to her mouth and face, numerous bite wounds and cigarette burns, and she required approximately forty-seven stitches to her lip.

The district court determined that the applicable guideline range was forty-six to fifty-seven months, after the court applied a four-level increase for permanent or life-threatening bodily injury and a three-level reduction for acceptance of responsibility. May had a criminal history category of I. The court upwardly departed five levels based upon U.S.S.G. § 5K2.3 for severe psychological injury and § 5K2.8 for extreme conduct. From the resulting range of seventy-eight to ninety-seven months, the court sentenced May to ninety-seven months' imprisonment and ordered him to pay $39,368.20 in restitution pursuant to the Mandatory Victims Restitution Act of 1996. See 18 U.S.C. § 3663A (2000).

## I.

May argues that the district court erred in applying an upward departure to his sentence. The Supreme Court recently changed the way district courts are to apply the federal sentencing guidelines and courts of appeals are to review sentences imposed. United States v. Booker, 125 S. Ct. 738 (2005). The Court in Booker held that a defendant's Sixth Amendment right is violated by "the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the

sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant." Id. at 756. The Court recognized, however, "If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment." Id. at 750. In the remedial portion of the Booker opinion, the Supreme Court excised the mandatory provision of the Guidelines and the provision that sets forth the standard of review on appeal. Id. at 764.

Although the Guidelines are no longer mandatory, the district court must still consult the Guidelines and take them into account when sentencing. Id. at 767. In reviewing whether the district court correctly determined the applicable Guideline range, we continue to review the district court's findings of fact for clear error and its interpretation and application of the Guidelines de novo. United States v. Mashek, 406 F.3d 1012, 1016-17 (8th Cir. 2005). The resulting sentence is reviewed for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a). Booker, 125 S. Ct. at 765-66. Although our description of reasonableness review has differed slightly from case to case,[2] our cases have consistently agreed that Booker mandates

---

[2]See United States v. Hadash, No. 03-2180, 2005 WL 1250331, *1 (8th Cir. May 27, 2005) (reviewing "whether the sentence chosen by the district court was reasonable in light of all the § 3553(a) factors"); United States v. Fogg, No. 04-2723, 2005 WL 1186535, *2 (8th Cir. May 20, 2005) ("We review for abuse of discretion the decision to depart upward from the guidelines, and we review the extent of the departure for reasonableness."); Mashek, 406 F.3d at 1017 ("we will review a district court's decision to depart from the appropriate guidelines range for abuse of discretion" and in determining whether the sentence was reasonable, the court reviewed whether the "decision to grant a § 3553(a) variance from the appropriate guidelines range [was] reasonable" and whether the extent of the variance or departure was reasonable); United States v. Dalton, 404 F.3d 1029, 1032 (8th Cir. 2005) (concluding "that the district court abused its discretion by imposing an unreasonable sentence"); United States v. Haack, 403 F.3d 997, 1003 (8th Cir. 2005)

a review for reasonableness with regard to the section 3553(a) factors. If any inconsistency exists among the standards articulated by this Court, we need not resolve it today, for May's sentence is reasonable and not an abuse of the court's discretion under any formulation.

We first address the district court's departure for severe psychological injury under U.S.S.G. § 5K2.3, which authorizes the court to increase the defendant's sentence above the guideline range if the victim "suffered psychological injury much more serious than that normally resulting from commission of the offense." The amount of the increase ordinarily depends on the severity of the injury as well as the extent to which the injury was intended or knowingly risked. U.S.S.G. § 5K2.3. The departure normally applies:

> only when there is a substantial impairment of the intellectual, psychological, emotional, or behavioral functioning of a victim, when the impairment is likely to be of an extended or continuous duration, and when the impairment manifests itself by physical or psychological symptoms or by changes in behavior patterns. The court should consider the extent to which such harm was likely, given the nature of the defendant's conduct.

Id.

The district court found that Johns suffered a severe psychological injury, which was much more serious than would normally result from the commission of

---

("Our prior articulations of the abuse of discretion standard are wholly consistent with the concept of reasonableness as set forth in Booker."); United States v. Pizano, 403 F.3d 991, 995 (8th Cir. 2005) ("To make the reasonableness determination, we ask whether the district court abused its discretion."); United States v. Yahnke, 395 F.3d 823, 824-26 (8th Cir. 2005) (noting review was for unreasonableness, but ultimately concluding that sentence was neither unreasonable, nor an abuse of discretion).

assault with intent to commit murder. The effects of her "extremely life-threatening" injury were likely to be permanent and could "easily be exacerbated in the future." The court also noted that the assault had caused "tremendous damage to Johns and to others."

These findings are well-supported by the record and are not clearly erroneous. At the sentencing hearing, Johns testified about the extent of her injuries. She explained that she has experienced headaches, lack of concentration, both short-term and long-term memory loss, and she has not been able to continue her career as a registered nurse. Johns's mother also testified that since the assault Johns has had headaches, memory loss, depression, and her personality has become more distant. Johns's doctors testified that Johns's head trauma was the likely cause of the headaches, memory loss, and increased depression Johns had been experiencing since the assault.

May claims that Johns's memory loss cannot provide a basis for the departure because memory loss was already taken into consideration by the four-level enhancement under U.S.S.G. § 2A2.1(b)(1)(A), which applies if the victim sustained either "permanent" or "life-threatening bodily injury." The district court found that Johns sustained both permanent and life-threatening injury. The record does not indicate that the district court based both the enhancement and the departure on memory loss. The enhancement is sufficiently supported by the district court's findings that (1) Johns's injuries were "extremely life-threatening," (2) the assault "could have resulted in death," and (3) the effects of her injury were "likely permanent." Testimony at the sentencing hearing addressed Johns's headaches, memory loss, depression, changed personality, and her inability to continue her career as a registered nurse. That testimony supports the district court's finding that Johns's sustained a "severe psychological injury," beyond the injury typical of the charged assault. In essence, the district court found that Johns's injuries fell outside the heartland of the charged offense.

Even if the district court had relied on the memory loss for both the enhancement and the departure, this form of "double-counting" is permissible under the Guidelines. See United States v. Thin Elk, 321 F.3d 704, 708 (8th Cir. 2003). A departure is permitted where the Guidelines do not adequately take into consideration, either in kind or to a degree, an aggravating circumstance. See U.S.S.G. § 5K2.0(a)(1). The district court's finding that Johns's injuries were beyond those typical of the offense was not clearly erroneous and we cannot say that its departure was unreasonable.

Second, May claims that some degree of emotional damage, change in behavior, and impairment is always involved in cases of domestic assault and must have been inherent in May's guideline sentence. This is a variation of May's "double-counting" argument above. May's argument lacks merit. His convicted offense was assault with intent to commit murder, not domestic assault, and he provides no support for his assertion that assault with intent to commit murder inherently involves the severe psychological consequences that Johns experienced.

The district court's departure was also based, in part, on May's extreme conduct pursuant to U.S.S.G. § 5K2.8. That section permits an increased sentence if "the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim." Id. Examples of extreme conduct include "torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation." Id. May argues that his conduct was not sufficiently cruel or heinous to support a departure for extreme conduct.

In United States v. Lewis, 235 F.3d 394, 397-98 (8th Cir. 2000), the defendant pleaded guilty to harboring an illegal alien, and the district court found that the Lewis family had forced the alien to turn over his outside wages as well as work as its household servant. Id. at 395. In support of its decision to depart, the district court found

> [the alien] was repeatedly physically beaten, tormented, and sexually abused. He was degraded, humiliated, and psychologically controlled, manipulated, and restrained to the point where he could no longer think rationally about his own well-being. He was deprived of nourishment and medical care. Because of the abuse he suffered, he lost all hope and was too afraid to leave . . .

Id. at 396. We affirmed the district court's twelve-level upward departure based, in part, on its findings of severe psychological injury and extreme conduct.

The record reveals that May similarly engaged in cruel and heinous conduct. Johns testified that May dragged her out of bed by her hair and dragged her from room to room. He punched her in the face, kicked her in the back, and choked her. May ripped off her bra and underwear, leaving her completely naked. During the course of the three to four hour attack, Johns lost consciousness at least three times. May bit her lip so hard that she required forty-seven stitches, and he burned her at least five times with a cigarette. Johns testified that May's repeated beatings throughout their relationship sent her to the hospital several times. May admitted to many of the facts of the charged assault and presented no evidence to the contrary. May's conduct, like that in Lewis, was long-term, and it was degrading, abusive, and controlling. The district court specifically found that the three to four hour duration of the assault and multiple bites showed extreme conduct. The record reflects extensive support for the district court's statement that "it's hard to imagine a situation that would have the sort of lack of dignity and degrading nature as being naked and being bit many, many times, being treated much as an angry animal would treat another." The district court's decision to depart on the basis of extreme conduct was not unreasonable.

May additionally argues that the court's five-level departure from the guideline range was excessive because his sentence range already included a four-level enhancement for Johns's permanent injuries. He provides no case law or further

analysis to support his contention. This argument is without merit. The district court's bases for departure are sufficiently supported by the record and the district court committed no error.

Because the district court sentenced May before the Supreme Court issued its opinion in Booker, the court did not specifically discuss its analysis of the factors listed in 18 U.S.C. § 3553(a). However, our review of these statutory factors leads us to conclude that they support the reasonableness of the district court's sentencing decision. See Pizano, 403 F.3d at 996. Of prime importance in the court's decision to depart were the "nature and circumstances of the offense" and the "seriousness of the offense," and the district court also discussed May's need for a substance abuse treatment program. See § 3553(a)(1), (2)(A), & (2)(D). Finally, the district court considered the need for the sentence it imposed to afford adequate deterrence and to protect the public from May committing further crimes. See § 3553(a)(1)(B), (C). The district court's departure and May's resulting sentence were not unreasonable in light of the section 3553(a) factors.

## II.

May argues in a supplemental brief that the district court's sentence violates his constitutional rights because it was based in part on judicial fact-finding. May filed his supplemental brief after the Supreme Court issued its decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), but before United States v. Booker, 125 S. Ct. 738 (2005). May did not raise the issue in any manner before the district court. A Booker argument is not preserved unless "the defendant below argued Apprendi or Blakely error or that the Guidelines were unconstitutional." United States v. Pirani, 406 F.3d 543, 551 (8th Cir. 2005) (quoting United States v. Antonakopoulos, 399 F.3d 68, 76 (1st Cir. 2005)). May concedes that plain error review is appropriate. Id.

The plain error standard requires "(1) error, (2) that is plain, and (3) that affects substantial rights." Johnson v. United States, 520 U.S. 461, 466-67 (1997). If those conditions are met, an appellate court may exercise its discretion to notice a forfeited error, but only if "(4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. It is the defendant's burden to prove plain error occurred. Pirani, 406 F.3d at 550.

The defendant must first show that an error occurred that is plainly contrary to the law at the time of appeal. Id.; see Johnson, 520 U.S. at 468 ("[W]here the law at the time of trial was settled and clearly contrary to the law at the time of appeal – it is enough that an error be 'plain' at the time of appellate consideration."). With respect to imposing a sentence under a mandatory Guidelines application, the district court did commit a plain error. Pirani, 406 F.3d at 550. However, May's argument is that the district court improperly departed from the sentence prescribed by the Guidelines. A departure is not mandated by the Guidelines, but is within the court's discretion. It is unclear whether the decision to depart, alone, is a decision made under a "mandatory Guidelines regime." Id. at 551. Assuming, arguendo, that May could establish a Booker error, he still could not prevail under plain error review.

Even if the district court committed plain error, May has not established that the error affects his substantial rights. May has the burden of showing, with reasonable probability, that he would have received a more favorable sentence had the district court considered the Guidelines advisory. Id. He cannot meet this burden.

In Pirani, the district court sentenced him at the bottom of the Guidelines range, avoided enhancements that would make his sentence "too high," and allowed Pirani to serve half of his sentence in home confinement rather than in prison. Id. at 553. Additionally, the judge twice expressed her dislike of the Guidelines, though this Court held those statements to be irrelevant. Id. at 553 n.6. In contrast, May's sentence was at the top of the applicable Guidelines range after the court applied a

four-level enhancement and a five-level upward departure. The fact that the district court exercised its discretion to depart upward five levels makes it unlikely that the court would lower the sentence if given more discretion. See, e.g., United States v. Cunningham, 405 F.3d 497, 505 (7th Cir. 2005). The record provides no basis to conclude that there is a reasonable probability that May would receive a more favorable sentence under advisory guidelines. No plain error occurred.

**III.**

May argues that the evidence does not support the order of restitution included in the judgment. The presentence report recommended restitution in the amount of $39,368.20, based on a Victim Impact Statement completed by the Minnesota Center for Crime Victim Services. May objected to the restitution amount for the first time at the sentencing hearing. Although Johns testified about her injuries at that hearing, she did not testify about the cost of her medical care, and the record contains no such evidence. The district court adopted the restitution amount from the presentence report without requiring any additional information regarding her medical bills.

We review a district court's finding of loss relating to restitution for clear error. United States v. Young, 272 F.3d 1052, 1056 (8th Cir. 2001). Federal Rule of Criminal Procedure 32(f)(1) states, "Within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guidelines ranges, and policy statements contained in or omitted from the report." May's objection to the restitution amount was untimely under Rule 32 because the sentencing hearing took place well after Rule 32(f)(1)'s fourteen-day time limit.

Where a defendant makes a specific objection to a statement in the presentence report, the district court is obliged to resolve the factual dispute. United States v. Stapleton, 268 F.3d 597, 598 (8th Cir. 2001). In that situation, the court is bound to

make that finding on the basis of the evidence and cannot rely solely on the presentence report. Id. (quoting United States v. Greene, 41 F.3d 383, 386 (8th Cir. 1994)).

However, a district court may regard as true facts contained in the presentence report to which no specific objection is made. United States v. Cole, 357 F.3d 780, 783 (8th Cir. 2004) (citations omitted). Rule 32(i)(3)(A) allows the district court to "accept any undisputed portion of the presentence report as a finding of fact." The question before us is whether an untimely objection to a statement in the presentence report makes that statement "disputed," and in need of evidentiary support outside the presentence report.

The reason for the fourteen-day filing requirement is "so that the objections can be addressed and investigated *prior* to the sentencing hearing." United States v. Jones, 70 F.3d 1009, 1010 (8th Cir. 1995) (emphasis added). If a defendant is allowed to wait until the sentencing hearing to object to the presentence report, the government would have no notice of the need to present evidence in response to the objection. The district court has no obligation to consider an objection to the presentence report that is untimely because it is raised for the first time at sentencing. See, e.g., Jones, 70 F.3d at 1009-10. Together, Rules 32(f)(1) and 32(i)(3)(A) establish that an untimely objection to a fact in the presentence report does not change the fact's "undisputed" status, and the district court may adopt the fact without requiring any additional evidence. The district court committed no error in adopting the restitution amount contained in the presentence report.

May also argues that the district court committed a constitutional error in ordering a restitution amount that was not proven beyond a reasonable doubt. The basis for May's argument is the Supreme Court's statement, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable

doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); see United States v. Booker, 125 S. Ct. 738 (2005) (applying Apprendi rule to federal sentencing guidelines). May admits, however, that restitution does not have a "statutory maximum." Even if May could show a Booker error, he would not succeed under plain error analysis.

Neither the Supreme Court nor this Court has addressed whether Booker applies to restitution orders, so any error made by the district court cannot be "plain" error. See United States v. DeSoto, No. 04-12307, 2005 WL 901878, *6 (11th Cir. Apr. 19, 2005). No circuit has so held, and several circuits have affirmatively rejected the notion that Apprendi, Blakely, or Booker affect the manner in which findings of restitution can be made. See United States v. Swanson, 394 F.3d 520, 526 (7th Cir. 2005); United States v. DeGeorge, 380 F.3d 1203, 1221 (9th Cir. 2004); United States v. Wooten, 377 F.3d 1134,1144 n.1 (10th Cir. 2004). These cases are persuasive.

We affirm the district court's sentence.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans